## Johnson v. Triangle Publications, Inc.

*George S. Sauliner*, for plaintiff.

*Lippincott & Donaldson*, for defendant.

SWENEY, P. J., April 19, 1956.—We have before us for disposition, after argument before the court en banc, defendant's preliminary objections to plaintiff's written interrogatories addressed to himself. The

written interrogatories were filed on September 23, 1955, under R. C. P. 4003 (*a*) (2), 4004 (*a*) and 4015 (*a*) governing depositions and discovery for use at trial.

The pertinent provisions of the applicable rules are as follows:

Pa. R. C. P. 4003: "Right to take depositions. Notice. A deposition for use at trial in open court may be taken of (1) an aged, infirm or going witness who is within one hundred (100) miles of the courthouse, whether or not within the Commonwealth, by written interrogatories or by oral examination upon notice; or (2) *any other witness who is outside the Commonwealth and any witness who is more than one hundred (100) miles from the courthouse,* either by written interrogatories on notice or by oral examination by leave of court on motion."

Pa. R. C. P. 4004: "Depositions by written Interrogatories. (a) A party taking a deposition by written interrogatories shall file the interrogatories with the Prothonotary of the court and serve a copy upon each party or his attorney of record. Within ten (10) days thereafter the party so served may file cross interrogatories with the Prothonotary and shall serve a copy upon the party taking the deposition or his attorney of record. Subsequent interrogatories shall be filed and served within five (5) days."

The question for decision here is whether plaintiff is such a witness that his testimony may be taken by deposition and used at trial in his absence.

The following statement appears on page 27, Goodrich-Amram Standard Pennsylvania Practice, vol. 4.

"Under the prior practice a 'party' to an action could be a 'witness' on his own behalf, and statutes and rules of court relating to the testimony of 'witnesses' were interpreted to include a 'party'. This same interpretation is required here.

"If the word 'witness' does not include a 'party', the kind of absurd and unreasonable result would follow which is forbidden in Rule 128. No party's testimony could be perpetuated or recorded. A dying plaintiff, in an action in which the cause of action survives, could not perpetuate his testimony for use by his executors, except perhaps by filing a separate bill in equity. A non-resident plaintiff, or defendant, resident in California, could not record his testimony for use at the trial, in any manner."

We agree with this reasoning. The action here is in trespass; on June 4, 1949, at 5:25 p.m., plaintiff was driving his car south on State Road in Springfield Township, this county; defendant's truck was being driven west on Springfield Road; at the intersection the two vehicles almost collided and plaintiff, to avoid being struck, pulled to his right, struck the curb stone and damaged his automobile in the amount of $868.65.

Since the accident and the commencement of suit, plaintiff has moved to California and makes his home there. The amount here involved means that this case will be tried before arbitrators; the amount here involved means the expenditure of real money to bring plaintiff from California to Media for trial. We agree with defendant that there should be real reason for the substitution of depositions for a personal appearance; the question of credibility can best be answered by seeing and hearing a witness. But, we feel that the instant case is one where the ends of justice are best met by permitting interrogatories.

### Decree

And now, April 19, 1956, it is ordered and decreed that defendant's preliminary objections herein filed be, and they are hereby dismissed; defendant is granted 10 days in which to file cross interrogatories, and an exception is noted for defendant to this action of court.